J-S45031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RYLAND M. JONES | : | |
| | : | |
| Appellant | : | No. 351 MDA 2018 |

Appeal from the PCRA Order December 20, 2017
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.:  CP-35-CR-0002271-2011

BEFORE:   OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                         **FILED NOVEMBER 06, 2018**

Appellant, Ryland M. Jones, appeals *nunc pro tunc* from the order of December 20, 2017, which dismissed, without a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   On appeal, Appellant claims he received ineffective assistance of counsel.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.  On October 4, 2011, the Commonwealth charged Appellant with one count each of aggravated assault, burglary, aggravated indecent assault, criminal trespass, public

_____
*   Retired Senior Judge assigned to the Superior Court.

drunkenness, and simple assault.[1]  Briefly, on September 8, 2011, the police arrested Appellant during a home invasion.  The victim called police because she heard someone breaking into her home.  During the approximately three-minute period between her call and the police arrival, Appellant broke through the door of the victim's home, rifled through her purse, beat the victim with a piece of the broken door, and sexually assaulted her.  The police observed Appellant groping the victim.  When Appellant saw the police, he charged towards them and one of the police officers had to tase him three times before they could take him into custody.

On February 3, 2012, Appellant elected to enter an open *nolo contendere* plea to one count each of aggravated assault, burglary, and aggravated indecent assault.  In return, the Commonwealth dropped the remaining charges.  Following receipt of a pre-sentence investigation report and a Megan's Law evaluation, on May 21, 2012, the trial court sentenced Appellant to an aggregate term of incarceration of not less than twenty-one nor more than forty-two years, to be followed by a five-year term of special probation.  The trial court also found Appellant to be a sexually violent predator.

On May 29, 2012, Appellant filed a timely, counseled motion for reconsideration of sentence, which the trial court denied on June 7, 2012.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3502(a), 3125(a)(2), 3503(a)(1)(i), 5505, and 2701(a)(3), respectively.

On June 4, 2012, defense counsel forwarded to the court a motion that Appellant had sent to him. In the motion, Appellant sought appointment of new counsel to argue his post-sentence motion, claiming that prior counsel was ineffective and coerced him into pleading *nolo contendere*.[2] (**See** Dismissal of Counsel and Post Sentence Motions with Motion for New Counsel, 6/04/12, at unnumbered pages 1-4). On September 17, 2012, the trial court appointed new counsel for Appellant. For reasons not apparent from the record, there was no further action on this matter until January 29, 2013, when Appellant, acting *pro se*, filed a PCRA petition. On June 12, 2013, Appellant, again acting *pro se*, filed a second PCRA petition.

On August 13, 2014, previously appointed counsel filed a petition to amend Appellant's PCRA petition, which the PCRA court treated as an amended PCRA petition. On November 3, 2017, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant, through counsel, filed a response to the Rule 907 notice on November 27, 2017. On December 20, 2017, the court denied Appellant's PCRA petition.

On February 1, 2018, Appellant filed a petition for leave to appeal *nunc pro tunc*, which the PCRA court granted. Appellant filed a timely notice of appeal on February 16, 2018. The PCRA court subsequently directed

---

[2] Appellant also sent an identical copy of the *pro se* motion to the trial court, which the court filed on June 15, 2012.

Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on March 20, 2018. *See id.* On April 17, 2018, the court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

I.    Whether the [PCRA c]ourt erred in denying [Appellant's PCRA petition]?

II.   Whether the [PCRA c]ourt erred in denying [Appellant's PCRA petition], without conducting a hearing, when genuine issues of material fact existed?

(Appellant's Brief, at 5).

We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

- 4 -

. . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

On appeal, Appellant claims that he received ineffective assistance of plea counsel. (*See* Appellant's Brief, at 9-16). Specifically, Appellant contends that plea counsel allowed him to enter his plea despite Appellant's lack of understanding "of what he was doing and agreeing to." (*Id.* at 13). To the extent that it can be determined from Appellant's vague argument, he contends that, during the plea hearing, he did not agree with some of the underlying facts as enunciated by the assistant district attorney because, due to his extreme intoxication, he could not remember the night in question. (*See* N.T. Plea Hearing, 2/03/12, at 5-7; Appellant's Brief at 14-15). Further, Appellant contends that counsel and the trial court's explanations of the difference between a plea of *nolo contendere* and a plea

of guilty were insufficient to clear up his confusion and render his plea voluntary. (*See* N.T. Plea Hearing, at 7-10; Appellant's Brief, at 15-16). We disagree.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a [*nolo contendere*] plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to

effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds by, Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Jones*, *supra* at 611. Where, as here, Appellant pleaded *nolo contendere*, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded [*nolo contendere*] and would have insisted on going to trial." *Rathfon*, *supra* at 370 (citation omitted). Appellant has utterly failed to do so.

This Court has held that where the record clearly shows that the court conducted a thorough plea colloquy and that the defendant understood his rights and the nature of the charges against him, the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. *See id.* At a minimum, the trial court must inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading [*nolo contendere*]?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4)     Does the defendant understand that he is presumed innocent until he is found guilty?

(5)     Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6)     Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy that the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination. *See id.* Lastly, we note:

> [A] plea of *nolo contendere* does not, by its very nature, require the pleading defendant to concede his or her guilt. . . . [A] plea of *nolo contendere* is a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him as if he were guilty. . . .

*Commonwealth v. Lewis*, 791 A.2d 1227, 1234 (Pa. Super. 2002), *appeal denied*, 806 A.2d 859 (Pa. 2002) (quotation marks and citation omitted).

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy with the trial court. (*See* Written No Contest Plea, 2/03/12, at 3; N.T. Plea Hearing, 2/03/12, at 2-11). We note that, while Appellant did contest some of the underlying facts as enunciated by the assistant district attorney, both counsel and the trial court correctly explained to him that by

- 8 -

pleading *nolo contendere* he was not admitting guilt but waiving his right to trial and authorizing the trial court to sentence him as if he had pleaded guilty. (*See* N.T. Plea Hearing, at 5-7); *see also Lewis*, *supra* at 1234. Moreover, when the trial court told him, "we would give you a trial . . . and you would have a right to defend (against the allegations)," Appellant stated he understood that and understood that by pleading *nolo contendere* he was giving up that right. (*Id.* at 7). Appellant then made an impromptu statement wherein he admitted that he broke into the victim's house, picked up a piece of the broken door and beat her. (*See id.* at 8). He further admitted to charging at the police officer. (*See id.*). In fact, despite not being required to, the only allegation he did not admit to was the sexual assault. (*See id.* at 8-9). Appellant stated that he wanted to plead *nolo contendere*, he understood all the rights he was giving up, he agreed that he signed the written plea colloquy and had sufficient time to go over it with counsel, and was pleased with counsel's representation. (*See id.* at 2-3).

In the written plea colloquy, Appellant acknowledged that he had read the charges against him, understood what he was pleading *nolo contendere* to, and had fully discussed the case with counsel. (*See* Written No Contest Plea, at 1). He was aware of the maximum possible sentences for all charges, knew that he could receive consecutive sentences; that no one had made any promises to him in return for his plea; he was pleading of his own free will, and was satisfied with counsel's representation. (*See id.* at 2).

Moreover, sentencing took place over three months after the entry of the *nolo contendere* plea. At no point prior to or during sentencing did Appellant express any dissatisfaction with counsel or indicate any wish to withdraw his plea. It was not until after Appellant received a lengthy sentence that he began expressing dissatisfaction with counsel and stating that he wished to withdraw his plea. Further, at no point, including during the instant PCRA proceedings, has Appellant claimed that he was actually innocent of the charges or that, but for counsel's inadequate representation, he would have elected to proceed to trial. It is not even clear that, at this juncture, Appellant is stating that he wishes to go to trial, rather in his brief, Appellant vaguely claims that if counsel had explained things better he would have had an adequate understanding of the consequence of pleading *nolo contendere*. (*See* Appellant's Brief, at 16).

The statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of [*nolo contendere*]: 'All that is required is that [appellant's] decision to plead [*nolo contendere*] be knowingly, voluntarily and intelligently made.'"

*Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted). Here, Appellant has not shown that his decision to enter the plea was involuntary. He has therefore failed to prove prejudice. Thus, his claims of ineffective assistance of plea counsel lack merit.

In his final claim, Appellant argues that the PCRA court erred in dismissing his petition without an evidentiary hearing. (**See** Appellant's Brief, at 16-19). The Pennsylvania Rules of Criminal Procedure provide the PCRA court with the discretion to dismiss a PCRA petition without an evidentiary hearing if it is patently without merit. **See** Pa.R.Crim.P. 907. Because Appellant's ineffective assistance of counsel claim lacks merit, he is not entitled to an evidentiary hearing. **See Miller**, **supra** at 992.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2018

- 11 -